KOZANJIEFF *v.* PETROFF ET AL.

[No. 17,601. Filed June 19, 1947. Rehearing Denied September 30, 1947.]

*Chester C. McGuire,* of Gary, for appellants.

*Edgar J. Call,* of Gary, and *George Herschman,* of Crown Point, for appellees.

BOWEN, C. J.—This is an appeal from a judgment for defendants in an action filed November 15, 1945, to set aside a default judgment rendered May 3, 1933, in the Lake Circuit Court.

The complaint in two paragraphs sought to set aside the default judgment for alleged fraud of the appellees in procuring said judgment. The allegations of the complaint were: that the appellants were the owners of certain real estate in Lake County, Indiana; that this real estate was encumbered with a mortgage in the sum of approximately $4,500; that the appellants and Petroff entered into an oral agreement to liquidate said

mortgage; and that, later in a scheme to defraud the appellants out of said real estate, Petroffs brought an action in court and obtained a default judgment against appellants for $3,959.20 alleging the appellants were indebted to them in that sum for the liquidation of said mortgage. The complaint avers, in substance, that the appellees procured a return of summons by the Sheriff of Lake County in such action showing service at the last and usual place of appellants' residence, but that no summons was served, and that appellants had no knowledge, actual or constructive, of the pendency of said action or the rendition of said judgment until after said judgment had been rendered and a sale had; that appellees procured a fraudulent appraisal of such real estate; that appellees were fully paid for the liquidation of said mortgage, and that appellants relied upon the representation of appellees Petroffs according to said alleged oral agreement to their damage.

The second paragraph of the complaint alleged a conspiracy between the appellees Petroffs and the Sheriff of Lake County and his deputy to defraud the appellants in procuring a false return of summons and that no summons was served or left at the last and usual place of residence of appellants, and that by reason of the false return of said summons, a fraudulent default judgment was taken against appellants. The second paragraph further alleged the appraisal of the real estate was fraudulent, and that appellees were fully paid before the filing of said action.

The prayer of both paragraphs of the complaint were that the default judgment and the sale of real estate had therein, be vacated and set aside, and that plaintiff be allowed to defend said action.

Issues were joined on the complaint and appellees' answer of denial, *res adjudicata*, and plea of statute

of limitations. Trial was had by the court and the court entered judgment for all defendants, that the judgment rendered on May 3, 1933, should not be vacated, and that plaintiffs take nothing by their complaint, and this appeal followed.

Error assigned is the overruling of appellants' motion for a new trial which was based upon the grounds that the finding and decision of the court is not sustained by sufficient evidence and is contrary to law.

The appellants also assign error in the sustaining of appellees' objections to certain questions propounded to appellees and appellees' witnesses, and in overruling appellants' offers to prove by such witnesses that, during the entire day that the copy of summons was alleged to have been left at appellants' residence as shown by the Sheriff's return, that the appellants' "family was at home, present, together with other people, and that if a summons had in fact been brought there by the Sheriff of Lake County, Indiana, it could have been served personally, without leaving a copy."

Error is also predicated upon the admission of certain evidence regarding another suit between these parties to set aside this default judgment on other grounds, which was introduced to support appellees' plea of *res adjudicata*.

An examination of the record discloses that appellants have wholly failed to prove the allegations of either paragraph of their complaint. There is no evidence of fraud nor any facts shown in the record from which any fraud might be inferred. There is no showing of any collusion or conspiracy on the part of any of the defendants.

The excluded evidence, the rejection of which is assigned as error when added to the other evidence, is

wholly insufficient to sustain the allegations of plaintiffs' complaint. The trial court's finding and decision was proper, and the only judgment which could have been rendered in this case.

The judgment is therefore affirmed.

DRAPER, J.—Not participating.

NOTE.—Reported in 73 N. E. (2d) 695.